IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: | ) ) ) ) |
| Karolyn Joyce Bryan | ) Case No. 10-40330-drd7 ) |
| Debtor. | ) ) ) |

### MEMORANDUM OPINION

The Chapter 7 Trustee has objected to the Debtor's claimed exemption in her interest in an annuity. This is a core proceeding under 28 U.S.C. §157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. §§1334(b), 157(a) and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure.

### I. FACTUAL BACKGROUND

The asset in question is a certain non-qualified deferred variable annuity (the "Annuity") purchased in 1993 by the Debtor with the proceeds of a recovery from an automobile accident. The Debtor's initial (and sole) contribution was $30,000. The Annuity contract provides for monthly payments to the Debtor beginning in 2033. The Debtor has claimed that the Annuity is exempt as insurance under §513.430.1(7) of the Missouri Revised Statutes and that the Annuity cannot be seized under §§377.090 and 377.330. The Trustee has objected on the grounds that the Annuity is not insurance as contemplated by §513.430.1(7), and that neither § 377.090 nor §377.330 is an exemption statute available in a bankruptcy case. As the party objecting to the exemption, the Trustee has the burden of proof that the exemption should not be allowed. Fed. R. Bankr. Proc. 4003(c). For the reasons set forth below, the Court will sustain the Trustee's objection.

## II. DISCUSSION

### A. The Applicability of Chapter 377 and Section 513.430

Section 377.330 of the Missouri Statutes, on which the Debtor relies, provides as follows:

> The money or other benefit, charity, relief or aid to be paid, provided or rendered by any corporation authorized to do business under sections 377.200 to 377.460, shall not be liable to attachment or other process, and shall not be seized, taken, appropriated or applied by any legal or equitable process, nor by operation of law, to pay any debt or liability of a policy or certificate holder, or of any beneficiary named in a policy or certificate.[1]

Neither "life insurance" nor "annuity" is mentioned here. However, when the analysis of §377.330 is expanded to consider the text and structure of Chapter 377 as a whole and its relationship to other provisions of the Missouri Statutes, it is apparent that this statute covers life insurance policies. *See State v. Johnson*, 148 S.W.3d 338, 343 (Mo. Ct. App. 2004)(textual analysis involves more than consideration of statutory terms in isolation); *In re Benn*, 491 F.3d 811, 814 (8th Cir. 2007)(same). The very title of the Chapter, "Assessment Plan and Stipulated Premium Plan Life Insurance," as well as its subtitles, make that abundantly clear. Nothing in the record indicates that the Annuity is either assessment plan insurance or stipulated premium plan insurance. Neither is there any evidence that the issuer of the Annuity is authorized to do business under the specific sections of Chapter 377 cited in the two statutes on which Debtor relies. However, for the reasons set forth below, that is not the basis of the Court's ruling.[2]

---

[1] Section 377.090 contains language virtually identical to that of §377.330.

[2] The Debtor also relies on the public records of the National Association of Insurance Commissioners to prove that the issuer of the Annuity was authorized to do so, and therefore, the Annuity is unavailable to pay creditors "as a matter of law" under the statute. In fact, the report does no such thing. It merely indicates that the issuer's license to sell "Life and Health" insurance products under "Ch 376 & 377, RSMo" is active. Because the record does not specify an annuity as an authorized product or the particular subsections of Chapter 377 cited in the statutes relied on by the Debtor, it has little, if any,

Besides relying on Chapter 377, the Debtor claims the exemption under §513.430 of the Missouri Statutes. That section includes in its list of property exempt from attachment "[a]ny one or more unmatured life insurance contracts owned by such person, other than a credit life insurance contract...." Mo. Rev. Stat. §513.430.1(7). Again, the term "annuity" is conspicuously missing. Therefore, the Debtor's claim that the Annuity is exempt under these statutes must be rejected unless the Court finds that the Annuity constitutes life insurance in this context.

To begin with, established rules of statutory interpretation dictate that the Court give effect to the legislative intent as reflected in the plain language of the statute. *Parktown Imports, Inc. v. Audi of America, Inc.*, 278 S.W.3d 670, 673 (Mo. banc 2009). Here, the legislature used the term "life insurance" in both Chapter 377 and §513.430.1(7). "When the language of a statute is clear, we presume the legislature intended what it plainly and unambiguously said." *Michel v. Michel*, 94 S.W.3d 485, 488 (Mo. App. S.D. 2003). While this Court acknowledges that similarities exist between an annuity and a life insurance policy, in this case, the differences are readily apparent. A typical life insurance policy is payable at death. The Annuity is payable at a pre-determined date, *i.e.,* when the Debtor reaches age 85. A typical life insurance policy is funded in regular (monthly) payments. The Annuity was funded with an initial lump-sum contribution of $30,000. The price of life insurance is determined by the life expectancy of the insured. Here, the "price" of the Annuity had no connection to the Debtor's life expectancy; it was determined by the amount of her settlement proceeds. And while the Annuity was sold to the Debtor by an insurance company, that fact alone does not transform it into an insurance product. The Annuity is simply an investment

---

probative value.

vehicle that happened to be issued by an insurance company. In short, there is no evidence that the Annuity is anything but that – an annuity.

This is confirmed in a case cited by the Trustee, *Nationsbank of North Carolina, N.A. v. Variable Annuity Life Insurance Co.*, 513 U.S. 251 (1995). While the holding in that case is fact specific, it does cast light on the distinction between an annuity and life insurance, and the reasons they are not characterized the same under every statutory scheme. In *Nationsbank*, an insurance company which sold annuities challenged a decision by the Comptroller of the Currency permitting a bank to sell annuities as investment instruments, consistent with the function of a banking institution. The question presented was whether national banks could serve as agents in the sale of annuities under Section 92 of the National Bank Act.[3] Central to that issue was the determination of whether, for purposes of that provision, annuities could be classified as insurance. The Supreme Court began its analysis by examining the business of banking, and found that annuities were akin to a debt instrument:

> By making an initial payment in exchange for a future income stream, the customer is deferring consumption, setting aside money for retirement, future expenses, or a rainy day. For her, an annuity is like putting money in a bank account, a debt instrument, or mutual fund.

*Id.* at 259. The insurance company countered that most states regulate annuities as insurance. The court recognized that "States generally classify annuities as insurance when defining the powers of insurance companies and state insurance regulators. But in diverse settings, States have resisted lump classification of annuities as insurance." *Id.* at 261. The company also asserted that annuities have traditionally been sold by insurance companies. The court was not persuaded, stating that "the

---

[3] 12 U.S.C. §24 Seventh

sale of a product by an insurance company does not inevitably render the product insurance." *Id.* Finally, the insurance company argued that "annuities functionally resemble life insurance because some annuities place mortality risk on the parties." *Id.* at 262. That is, the price of the annuity is based on actuarial assumptions about the purchaser's life expectancy. The court noted that many annuities do not feature a life term, but rather a term of years. "Moreover, the presence of mortality risk does not necessarily qualify an investment as 'insurance'...." *Id.* at 263. The court ruled in favor of the Comptroller and held that annuities were not insurance within the meaning of the statute.

The Debtor erroneously states that the Eighth Circuit has "declared that annuities are contracts of life insurance under Missouri state law, governed by Chapter 377" and are "entitled to the exemption afforded pursuant to §513.430.1(7)." She cites two supporting cases, neither of which includes such a declaration. In *Reinecke v. Commissioner of Internal Revenue*, 220 F.2d 406 (8th Cir. 1955), the Eighth Circuit describes the purpose of the statute as follows:

> [I]ts object would appear to be primarily to deprive creditors, as a matter of state policy and interest in preserving life insurance in force in the State, of the power to destroy the existence or effect the cancellation of any *'old line' or reserve-plan life insurance policies*, through attempts to reach the premiums paid, the cash surrender value thereof, or such other benefits as have been provided for therein....

*Id.* at 411 (emphasis added). The court deliberately skirts the issue of whether an annuity is considered life insurance: "This also makes it unnecessary to give consideration to the Government's contention that the policy here was in its nature rather an investment contract than an insurance one, and that it ought therefore to be regarded as being outside the operation of the Missouri statutes." *Id.* at 415. Instead, the court predicated its result on whether the payment

obligation had matured:

> This statute, as we read its language and the expressions of the Missouri courts relating to it, simply creates a protective immunity, from seizure by attachment or appropriation through other legal or equitable process, for whatever benefits may be provided for by such a policy in favor of the holder or the beneficiary thereof, as against the claims of any creditor of either, so long as such benefits constitute merely something 'to be paid,' or in other words represent only a matter of unripened or unmatured or unfixed policy obligation, under the terms of the contract.

*Id.* at 411.

The case of *In re Williams*, 82 B.R. 518 (Bankr. W.D. Mo. 1988), is likewise inapposite. The issue there was whether the debtor could claim as exempt proceeds from a matured life insurance policy. The *Williams* court, citing *Reinecke, supra,* adopted that case's reasoning that §377.330 applied to "old line" insurance policies that had not yet matured; the trustee's objection to the exemption was sustained because the insurance policies in question had matured. The *Williams* case had nothing to do with treating an annuity as life insurance under the Missouri Statutes.

Policy considerations further bolster the Trustee's assertion that §377.330 (and §377.090) was not intended to cover annuities. The Debtor argues that the protection afforded by the statute favors the issuer of the policy – if creditors were allowed to attach unmatured funds, then it would be virtually impossible for issuers of financial products to invest the funds received with any certainty. If protecting the issuer is indeed the purpose of the statute, then the exemption argument would be made by the issuer and not by the Debtor. That provides evidence that the Missouri legislature did *not* intend the statute to be a basis for a claim of exemption by a debtor in a bankruptcy proceeding.

Finally, the Trustee makes a compelling argument with respect to statutory construction.

6

Life insurance and annuities appear in §513.430, Missouri's exemption statute which applies in a bankruptcy proceeding. For example, §513.430.1(7) provides an exemption specifically for "[a]ny one or more unmatured life insurance contracts owned by such person, other than a credit life insurance contract." Additionally, §513.430.1(10)(e) addresses a specific type of annuity:

> Any payment under a stock bonus plan, pension plan, disability or death benefit plan...or annuity or similar plan or contract on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of such person and any dependent of such person....[4]

Clearly, the Missouri legislature knows the difference between a life insurance policy and an annuity. Separate parts of the statute provide exemptions with respect to each. To the extent that the cited provisions of Chapter 377 purport to provide an exemption for a financial instrument of the kind at issue here which would not be available under §513.430, there is a conflict between the two statutes. Established principles of statutory construction resolve it:

> Where two statutory provisions covering the same subject matter are unambiguous standing separately but are in conflict when examined together, a reviewing court must attempt to harmonize them and give them both effect. If harmonization is impossible, 'a chronologically later statute which functions in a particular way will prevail over an earlier statute of a more general nature, and the latter statute will be regarded as an exception to or qualification of the earlier general statute.'

*South Metropolitan Fire Protection Dist. v. City of Lee's Summit,* 278 S.W.3d 659, 666 (Mo. 2009)(citing *Smith v. Mo. Local Govt. Employees Retirement System*, 235 S.W. 3d 578, 582 (Mo.

---

[4]As this Court has noted previously, from the language and the context of the statute it is apparent that the Missouri legislature intended this section to apply to benefits related to employment. *See In re Kuhrts*, 405 B.R. 333, 335 (Bankr. W.D. Mo. 2009)(annuity resulting from settlement agreement and unrelated to debtor's employment was not exempt under statute covering benefits received from employee benefit plans). Like the annuity in *Kuhrts*, this Annuity stems from a personal injury settlement and thus, does not qualify for the protection afforded in §513.430.1(10)(e).

App. 2007)).

Even if this Court were to adopt the Debtor's position that §377.330 encompasses annuities, the more specific provisions in §513.430 must take precedence. In view of the fact that §513.430 was last revised in 2004 as opposed to §377.330, which was last revised in 1939, we can safely assume the legislature intended the more recent and specific provisions to qualify the earlier general statute.

For the reasons articulated above, the Court finds that §§377.090, 377.330 and 513.430.1(7) do not apply to the Annuity.

### B. Chapter 377 as an Exemption Statute in Bankruptcy Proceedings

Section 522 of the Bankruptcy Code sets forth exemptions that a debtor may claim, but gives each state the opportunity to "opt out" of the federal exemption scheme and provide its own exemptions. Missouri has "opted out" of the federal scheme, thus requiring a debtor to claim only those exemptions allowed under state law or federal non-bankruptcy law. *See* Mo. Rev. Stat. §513.427. Exemption laws are enacted to provide relief to the debtor and are to be liberally construed. *In re Schissler,* 250 B.R. 697, 700 (Bankr. W.D. Mo. 2000). However, a bankruptcy court must be careful not to depart substantially from the express language of the exemption, or to extend the legislative grant as expressed by Congress. *In re Collett*, 253 B.R. 452, 454 (Bankr. W.D. Mo. 2000).

The Trustee argues that the statutes claimed by the Debtor to justify the exemption of the Annuity do not qualify as exemption statutes in a bankruptcy proceeding. Specifically, the Trustee urges that the statutes are insufficient under the Eighth Circuit's holding in *In re Benn*, *supra.* The debtors in *Benn* claimed that their state and federal tax refunds were exempt from the bankruptcy

8

estate; the trustee asserted that they should be turned over. The bankruptcy court ruled in favor of the trustee. The debtors appealed to the BAP, which reversed, holding that tax refunds are exempt under Mo. Rev. Stat. §513.427. That statute provides that "[E]very person by or against whom an order is sought for relief under Title 11...shall be permitted to exempt from property of the estate any property that is exempt from attachment and execution under the law of the state of Missouri...." The debtors argued that any property that is *not subject to* attachment and execution under Missouri law is excluded from the bankruptcy estate. The Eighth Circuit disagreed:

> 'Exemption' is a term of art in bankruptcy, and we agree with the dissenting judge of the BAP that '[w]hile exemption may mean different things in different contexts, in the context of [11 U.S.C.] §522, it refers to laws enacted by the legislative branch which explicitly identify property [that] judgement-debtors can keep away from creditors for reasons of public policy.' ...The statute simply provides that where another Missouri statute specifies that certain property is exempt from attachment and execution, then a debtor may exempt that property from the bankruptcy estate. ... It is evident, therefore, that when the Missouri legislature spoke of property that is 'exempt from attachment and execution,' it meant property that was specifically declared exempt by another Missouri statute or a federal statute other than §522(d).

*Id*. at 814-15. The court undertook a textual analysis to arrive at the conclusion that the debtor's substitution of the phrase "not subject to" for "exempt from" must be rejected: "The second disjunctive clause [in §513.427] demonstrates that the legislature did not equate the term '*exempt*' with '*not subject to*,' but rather used the term 'exempt' to refer to specific legislative exemptions." *Id.* at 815(emphasis added). The statute on which the Debtor relies in this case uses neither "exempt" nor "not subject to." Section 377.330 reads instead that certain benefits shall not be "liable to" attachment. Applying the reasoning in *Benn*, this Court must conclude that the phrase "liable to" does not have the same legal significance as "exempt" and, therefore, §377.330 is not a

9

proper exemption statute for bankruptcy purposes.

Although the *Benn* case involved the exemption of income tax refunds, the holding has been extended to apply to other types of property that had previously been protected in bankruptcy. For example, in *In re Smith*, Case No. 10-60388 (Bankr. W.D. Mo. August 13, 2010)(Federman, J.), cited by the Trustee, the debtor claimed as exempt his interest in a pension plan pursuant to §169.090 of the Missouri Statutes. That statute provides, in part, that "[n]either the funds belonging to the retirement system nor any benefit accrued or accruing ...shall be subject to execution, garnishment, attachment or any other process whatsoever...." The trustee objected on the grounds that this statute was not an exemption statute for bankruptcy purposes as defined in the *Benn* decision. The *Smith* court agreed, emphasizing the distinction made by the Eighth Circuit in *Benn* between the words "*not subject to* attachment and execution" and "*exempt from* attachment and execution." Simply put, in order to create an exemption for debtors in bankruptcy, the Missouri legislature must use that word. *Id.*

The court also included the statute's legislative history in its analysis:

> ...I recognize that there may be reasons of public policy why the Missouri legislature might have intended teacher retirement funds to be exempt. Indeed the Missouri legislature did create specific exemptions for certain other types of retirement plans....However, I found no evidence in the legislative history of §169.090 that indicates that exempting teacher retirement plans in bankruptcy was the purpose of that statute.

*Id.* The trustee's objection was accordingly sustained. *See also In re Parsons*, 437 B.R. 854, 858 (Bankr. E.D. Mo. 2010)(in light of *Benn*, "[a]ll debtors henceforth must make do with the Missouri exemptions where the Missouri Legislature has explicitly identified property that a judgment debtor can keep away from creditors, not those that were created in practice and went without objection").

The *Benn* case and its progeny make it clear that there is a significant difference between statutes that identify property that is exempt and those that merely define property that cannot be reached by creditors. The Debtor argues that the Missouri statute prohibiting the Trustee from seizing the Annuity effectively trumps the *Benn* holding, but offers no authorities to support that argument. The statutes upon which the Debtor relies fall short of the requirement for exemption statutes now imposed in this jurisdiction, and thus, do not protect the Annuity.

In summary, the Court finds that the Annuity is not exempt under §513.430.1(7) for the reason that it is not life insurance. The legislature neglected to define the phrase in this section and the Court construes it according to its ordinary meaning. Viewed in that way, the policy at issue here is clearly not life insurance. The statutes in Chapter 377 relied upon by the Debtor are likewise inapplicable. First, the Court believes they were designed to apply to life insurance policies. This is apparent from the text of various statutes that surround those upon which the Debtor relies and the headings in the chapter and the subparts. As noted, the record is not clear that the Annuity is an instrument of the kind described in Chapter 377 or that the company issuing it is authorized to do business under the particular portions of Chapter 377 cited in the statutes relied upon by the Debtor. Section 513.430.1 refers to both life insurance contracts and annuities. The Court finds that the Annuity is not a life insurance contract and is not an annuity of the kind specified in §513.430.1(10). The cases cited by the Debtor are inapplicable. They hold merely that the particular policies in question were not exempt because they were not unmatured. They do not establish that an annuity of the kind at issue here is a policy of life insurance exempt under Chapter 377 or §513.430.1(7). To the extent that the statutes in Chapter 377 would purport to authorize an exemption in the Annuity that is not contained in §513.430.1, there is at least an implicit conflict between these

provisions. The Court resolves that conflict in favor of the more specific and later-enacted statute. Finally, even if the cited provisions in Chapter 377 are clearly applicable and not in conflict with the provisions of §513.430.1, the Court holds that after the Eighth Circuit's decision in *Benn*, they are not available to debtors in bankruptcy as the basis for a claim of exemption.

### III. CONCLUSION

The Trustee has met her burden of proof to show that the Debtor's claimed exemption is not proper on two grounds. First, in accordance withe the discussion above, the Annuity cannot be classified as life insurance such that it falls within the protection of either Chapter 377 or §513.430.1(7). Secondly, §§377.330 and 377.090 do not qualify as exemption statutes in a bankruptcy case in light of the *Benn* decision. Accordingly, this Court finds that the Debtor's interest in the Annuity is not exempt, and the Trustee's objection to the claimed exemption is SUSTAINED.

IT IS SO ORDERED.

/s/ Dennis R. Dow
United States Bankruptcy Judge

Date: 9 /2 /2011